Craig S. Summers (SBN 108688)
craig.summers@knobbe.com
Matthew S. Bellinger (SBN 222228)
matt.bellinger@knobbe.com
Kimberly A. Kennedy (SBN 305499)
kim.kennedy@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404  Facsimile: (949) 760-9502

OF COUNSEL:
Brian W. Brokate
bwbrokate@gibney.com
Beth M. Frenchman
bfrenchman@gibney.com
Adam W. Sgro
asgro@gibney.com
GIBNEY ANTHONY & FLAHERTY, LLP
665 Fifth Avenue
New York, NY 10022
Phone: (212) 688-5151  Facsimile: (212) 688-8315

Attorneys for Plaintiff
ROLEX WATCH U.S.A., INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> REFERENCE WATCH LLC d/b/a LA CALIFORNIENNE; COURTNEY ORMOND; and LESZEK GARWACKI, <br><br> Defendants. | Case No. 19-cv-9796 <br><br> **COMPLAINT FOR FEDERAL TRADEMARK COUNTERFEITING; FEDERAL TRADEMARK INFRINGEMENT; FEDERAL FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION AND UNFAIR COMPETITION** |

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex" or "Plaintiff"), for its complaint against defendants Reference Watch LLC d/b/a La Californienne, Courtney Ormond, and Leszek Garwacki (hereinafter collectively the "Defendants"), hereby alleges as follows:

### STATEMENT OF THE CASE

1.     This is an action by Rolex against Defendants for injunctive relief, profits, trebled and/or statutory damages, pre-judgment interest, attorneys' fees and costs under the Lanham Act based on Defendants' counterfeit and infringing use of Rolex's trademarks in connection with the advertising, promotion, service and sale of watches that are not authorized or sponsored by Rolex and that are not genuine products of Rolex.

### SUBJECT MATTER JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over the claims asserted in this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

3.     Defendants are subject to the Court's jurisdiction because they reside and/or do business in this Judicial District and have committed the acts complained of herein in this Judicial District.

4.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b).

### PARTIES AND PERSONAL JURISDICTION

5.      Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 665 Fifth Avenue, New York, NY 10022.

6.     Upon information and belief, defendant Reference Watch LLC d/b/a La Californienne ("La Californienne") is a limited liability company formed under the laws of the State of California and is registered to do business in the State of California.

7.     Upon information and belief, La Californienne has a principal place of business at 5915 1/2 Carlton Way, Los Angeles, CA 90028 and/or 1905 Wilcox Ave., Suite 305, Los Angeles, CA 90028 (a UPS store location), has a service of process address of 1905 Wilcox Ave., Suite 305, Los Angeles, CA 90028, and has committed the tortious acts complained of within this Judicial District.

8.     Upon information and belief, the individual defendants, Courtney Ormond and Leszek Garwacki, are the sole owners, managers, members and operators of La Californienne.

9.     Upon information and belief, defendant Courtney Ormond is an individual residing at 5915 1/2 Carlton Way, Los Angeles, CA 90028, and is an owner, manager, member, operator and controlling force of defendant La Californienne and has committed the tortious acts complained of within this Judicial District.

10.     Upon information and belief, defendant Leszek Garwacki is an individual residing at 5915 1/2 Carlton Way, Los Angeles, CA 90028, and is an owner, manager, member, operator and controlling force of defendant La Californienne and has committed the tortious acts complained of within this Judicial District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Rolex's Famous Trademarks

11.     Rolex is the exclusive United States distributor and warrantor of Rolex watches, all of which bear one or more of the Rolex Registered Trademarks, as defined *infra*.

12.     Rolex watches, watch bracelets and related products are of exceptionally high quality and are identified by the trade name and trademark ROLEX.

/ / /

13.    Rolex is responsible for promoting, marketing and selling in interstate commerce throughout the United States high quality Rolex watches, watch bracelets, and related products (hereinafter referred to as "Rolex Watches").

14.    Rolex is responsible for maintaining control over the quality of Rolex Watches and services in this country.

15.    Rolex has developed an outstanding reputation because of the uniform high quality of Rolex Watches.

16.    Rolex is the owner of the following trademarks and trademark registrations issued by the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| **ROLEX** | 0,101,819 | 1/12/1915 | Watches, clocks, parts of watches and clocks, and their cases. |
| **OYSTER** | 0,239,383 | 3/6/1928 | Watches, movements, cases, dials, and other parts of watches. |
| **PRESIDENT** | 0,520,309 | 1/24/1950 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| ♛ **(Crown Design)** | 0,657,756 | 1/28/1958 | Timepieces of all kinds and parts thereof. |
| **DATEJUST** | 0,674,177 | 2/17/1959 | Timepieces and parts thereof. |
| **GMT-MASTER** | 0,683,249 | 8/11/1959 | Watches. |
| **COSMOGRAPH** | 0,733,081 | 6/19/1962 | Watches and chronometers. |
| **SEA-DWELLER** | 0,860,527 | 11/19/1968 | Watches, clocks and parts thereof. |
| **MILGAUSS** | 0,875,616 | 8/26/1969 | Watches [and clocks,] and parts thereof. |
| **OYSTER PERPETUAL** | 1,105,602 | 11/7/1978 | Watches and parts thereof. |
| **YACHT-MASTER** | 1,749,374 | 1/26/1993 | Watches. |
| **SUBMARINER** | 1,782,604 | 7/20/1993 | Watches. |
| **ROLEX DAYTONA** | 1,960,768 | 3/5/1996 | Watches. |

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| **DAYTONA** | 2,331,145 | 3/21/2000 | Watches. |
| **EXPLORER II** | 2,445,357 | 4/24/2001 | Watches. |
| **EXPLORER** | 2,518,894 | 12/18/2001 | Watches. |
| **AIR-KING** | 2,953,542 | 5/17/2005 | Watches and parts thereof. |
| **GMT-MASTER II** | 2,985,308 | 8/16/2005 | Watches and parts thereof. |

Correct and true copies of these federal trademark registrations (hereinafter collectively referred to as the "Rolex Registered Trademarks") are attached as **Exhibit 1**, which is incorporated herein by reference.

17.    The Rolex Registered Trademarks are in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065.

18.    The Rolex Registered Trademarks are distinctive and are used to identify high quality products originating with Rolex.

19.    The Rolex Registered Trademarks are arbitrary and fanciful and are entitled to the highest level of protection afforded by law.

20.    Rolex and its predecessors have used the ROLEX trademark for nearly a century on and in connection with Rolex Watches and related products. As such, the ROLEX trademark is one of the most famous marks in the world.

21.    Rolex and/or its predecessors have used the Rolex Registered Trademarks for many years on and in connection with Rolex Watches well prior to the activities of the Defendants complained of herein.

22.    All Rolex Watches are identified by Rolex's registered ROLEX and ♛ (hereafter "CROWN DESIGN") trademarks and one or more of, but not limited to, the following registered trademarks owned by Rolex: OYSTER, OYSTER PERPETUAL, PRESIDENT, DATEJUST, COSMOGRAPH, GMT-MASTER, YACHT-MASTER, SUBMARINER, and DAYTONA (see **Exhibit 1**).

/ / /

/ / /

- 4 -

23.   The general and necessary components of Rolex Watches include at least: the watch movement, the watch case, the dial, the bezel, the crystal, the hands, and the watch bracelet (sometimes also called the watch band).

24.   Each Rolex Watch case bears a unique serial number.  Through that serial number Rolex is able to identify the original manufacture date and model of the Rolex Watch.

25.   New Rolex Watches are sold through Official Rolex Jewelers and are accompanied by a five (5) year warranty.

26.   Rolex also issues a two (2) year service warranty for Rolex Watches it services.

27.   Rolex pressure tests each Rolex Watch it sells and services to ensure that all Rolex Watches are pressure proof.

28.   Rolex Watches that have been altered by the substitution or modification of parts not provided or authorized by Rolex renders the Rolex warranty null and void because Rolex can no longer assure the quality or performance of such watches.  Similarly, Rolex can no longer service altered watches because it cannot guarantee the quality or performance of such watches.

29.   Rolex Watches are known to retain and/or increase in value, and the purchase of a pre-owned/vintage Rolex Watch is highly regarded in the watch industry as a smart and reliable investment.

**DEFENDANTS' ACTIVITIES**

30.   Defendants' activities, complained of herein, began long after Rolex's adoption, use and registration of the Rolex Registered Trademarks on and in connection with its Rolex Watches.

31.   Defendants operate, own, and/or use the website lacalifornienne.com ("Defendants' Website") to advertise, promote and offer for sale merchandise bearing counterfeit copies of the Rolex Registered

Trademarks.  Attached as **Exhibit 2** are screenshots of the Defendants' Website taken on October 16, 2019.

32.	Defendants operate, own, and/or use the website instagram.com/la_californienne ("Defendants' Instagram Page") to advertise, promote and offer for sale merchandise bearing counterfeit copies of the Rolex Registered Trademarks.   Attached as **Exhibit 3** are screenshots of the Defendants' Instagram Page taken on October 16, 2019.

33.	Defendants operate, own, and/or use the website facebook.com/lacaliforniennewatchco ("Defendants' Facebook Page") to advertise, promote and offer for sale merchandise bearing counterfeit copies of the Rolex Registered Trademarks.  Attached as **Exhibit 4** are screenshots of the Defendant's Facebook Page taken on October 16, 2019.

34.	Defendants' Website describes the actions they perform on pre-owned Rolex watches as follows: replacing the original watch crystals; refashioning the bezels; and, altering the dials by "stripping the paint and finish from the original watch face dials, and repainting and refinishing them in various vibrant colors (reinstalling all Rolex [ ] marks and original indicia)," (hereafter referred to as "Defendants' Altered Watches").

35.	Defendants' Altered Watches no longer attain the aesthetic of original pre-owned Rolex Watches.

36.	Defendants' Altered Watches no longer perform or function to the same quality standards as unaltered pre-owned Rolex Watches.

37.	On or about December 21, 2017, Rolex's investigator purchased one of Defendants' Altered Watches from The Webster - identified on Defendants' Website as a "stockist" - for which it paid $7,542.50 (hereafter "Counterfeit Watch One").  Attached as **Exhibit 5**, which is incorporated herein by reference, are photographs of Counterfeit Watch One.

/ / /

38.    Rolex examined Counterfeit Watch One and determined as follows:

a.  The dial has been refinished by stripping the original dial surface, removing the trademarks and hour marks, painting it aqua blue and reprinting the trademarks ROLEX and OYSTER PERPETUAL and reattaching the CROWN DESIGN trademark;

b.  The plexi-glass crystal which covers the dial is not the genuine product of Rolex;

c.  The bezel is bent and not properly fitted to the watch, and therefore water is likely to leak through and ultimately adversely effect the dial and movement of the watch; and

d.  A non-Rolex painted leather band was attached.

39.    The serial number on the watch case of Counterfeit Watch One indicates that this watch was first sold by Rolex in 1985, over 30 years ago.

40.    The Rolex Registered Trademarks are the only source identifiers visible on Counterfeit Watch One.

41.    Upon information and belief, sometime after December 21, 2017, Defendants began painting their name "La Californienne" onto the dial of Defendants' Altered Watches so that Defendants name appears in conjunction with one or more of the Rolex Registered Trademarks.

42.    On October 22, 2019, Rolex's Lititz Service Center, located in Lititz, Pennsylvania, received a watch for servicing from one of its Official Rolex Jewelers.  The watch was originally a Rolex Oyster Perpetual Datejust Model.  Attached as **Exhibit 6** are photographs of the watch received by Rolex, hereinafter referred to as "Counterfeit Watch Two".

/ / /

/ / /

43.   Rolex examined Counterfeit Watch Two and determined as follows:

   a. The dial has been refinished by stripping the original dial surface, removing the trademarks and hour marks, painting it black and reprinting the trademarks ROLEX and OYSTER PERPETUAL and reattaching the CROWN DESIGN trademark, however, the paint is poorly applied and badly peeling resulting in debris in the movement and affecting the time keeping;

   b. The name "La Californienne" has been added to the dial at the six o'clock position;

   c. The plexi-glass crystal which covers the dial is not the genuine product of Rolex;

   d. The bezel is bent and not properly fitted to the watch, and therefore water is likely to leak through and ultimately adversely effect the dial and movement of the watch; and

   e. A non-Rolex painted leather band was attached.

44.   Rolex could not service Counterfeit Watch Two according to Rolex's service policy and sent it back to its Official Rolex Jeweler to advise the consumer that the watch has been altered and that Rolex cannot service, repair or warrant the proper functioning of this watch.

45.   Defendants' printing of their name on the dial of this altered watch, which also bears one or more of the Rolex Registered Trademarks, cannot dispel a likelihood of consumer confusion.

46.   Defendants are not now, nor have they ever been, associated, affiliated, or connected with, or licensed, endorsed or sanctioned by Rolex.

/ / /

/ / /

- 8 -

47.   The Defendants' Website, Instagram Page and Facebook Page falsely advertise and offer for sale Rolex Watches in a manner calculated to mislead consumers.

48.   Defendants' acts as aforesaid are deliberately calculated to confuse and deceive the public and are performed with full knowledge of Rolex's rights. Said acts constitute willful and deliberate infringement of Rolex's rights in the Rolex Registered Trademarks.

49.   Rolex is not able to monitor, enforce or maintain its quality control standards on the altered/counterfeit Rolex products Defendants assemble, offer for sale and sell.

50.   Defendants' use of the Rolex Registered Trademarks in the manner described above tends to and does create the erroneous impression that Defendants' products and services emanate or originate from Rolex, and/or that said products and services are authorized, sponsored, or approved by Rolex, even though they are not.  This confusion causes irreparable harm to Rolex and the Rolex Registered Trademarks.

51.   Defendants have been unjustly enriched by illegally using and misappropriating Rolex's intellectual property for their own financial gain. Furthermore, Defendants have unfairly benefited and profited from Rolex's outstanding reputation for high quality products and its significant advertising and promotion of Rolex Watches and the Rolex Registered Trademarks.

52.   Defendants' acts, as set forth herein, were willful and deliberate. Therefore, this case constitutes an exceptional case under 15 U.S.C. § 1117(a).

53.   Rolex has suffered irreparable harm and damages as a result of Defendants' conduct.

54.   Upon information and belief, Defendants' acts will continue unless enjoined by this Court.

55.   Rolex has no adequate remedy at law.

# **FIRST CAUSE OF ACTION**

## **Trademark Counterfeiting, 15 U.S.C. § 1114**

56.    Rolex hereby incorporates by reference all prior allegations set forth in paragraphs 1-55 herein.

57.    Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the ROLEX, CROWN DESIGN and OYSTER PERPETUAL trademarks, and possibly other Rolex Registered Trademarks, on the counterfeit watches they sell.

58.    Defendants have intentionally used these spurious designations, knowing they are counterfeit, in connection with the advertisement, promotion, offering for sale and sale of counterfeit watches.

59.    Defendants' unauthorized use of the Rolex Registered Trademarks as set forth above is likely to:

        a. Cause confusion, mistake and/or deception;

        b. Cause the public to believe that Defendants' counterfeit watches are genuine Rolex Watches, or that Defendants' products are authorized, sponsored or approved by Rolex, when they are not; and

        c. Result in Defendants unfairly benefiting from Rolex's advertising and promotion, and profiting from the Rolex reputation and the Rolex Registered Trademarks, all to the substantial and irreparable injury of the public, Rolex, the Rolex Registered Trademarks, and the substantial goodwill represented thereby.

60.    Defendants' acts as aforesaid constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

61.    By reason of the foregoing, Defendants are liable to Rolex for: (a) an amount representing three times Rolex's damages and/or Defendants' profits,

whichever is greater, or an election of statutory damages; and (b) reasonable attorneys' fees, costs including investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### Trademark Infringement, 15 U.S.C. § 1114

62.    Rolex hereby incorporates by reference all prior allegations set forth in paragraphs 1-55 herein.

63.    Defendants use the Rolex Registered Trademarks to advertise and promote their watches in a manner which is likely to cause consumer confusion and mistake and to deceive consumers into believing that the Defendants' products and services are in some way authorized, sanctioned, or affiliated with Rolex, when they are not.

64.    Defendants' activities, complained of herein, constitute use in commerce of copies or colorable imitations of the Rolex Registered Trademarks in a manner which is likely to cause confusion and mistake in the minds of the public in violation of 15 U.S.C. § 1114.

65.    Defendants have engaged in the aforementioned activities with the intent to confuse and deceive the public into believing that Defendants and the merchandise they sell are in some way sponsored by, or affiliated or associated with Rolex, when in fact they are not.

66.    Defendants' acts as aforesaid constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

67.    By reason of the foregoing, Defendants are liable to Rolex for: (a) an amount representing Rolex's damages; (b) Defendants' profits; and (c) reasonable attorneys' fees, costs including investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

/ / /

/ / /

### THIRD CAUSE OF ACTION

**False Designation of Origin, False Descriptions and Representations, and**

**Unfair Competition,**

**15 U.S.C. § 1125(a)**

68.    Rolex hereby incorporates by reference all prior allegations set forth in paragraphs 1-55 herein.

69.    Defendants' acts as aforesaid constitute the use in commerce of false designations of origin, false descriptions and representations, and unfair competition because such designations, descriptions and representations tend to falsely designate, describe and/or represent Defendants' altered watches as those of Rolex in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70.    By reason of the foregoing, Defendants are liable to Rolex for: (a) an amount representing Rolex's damages; (b) Defendants' profits; and (c) reasonable attorneys' fees, costs including investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

### PRAYER FOR RELIEF

**WHEREFORE**, Rolex respectfully requests a judgment in favor of Rolex providing the following relief:

I.    That the Court enter an injunction ordering that Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them, be enjoined and restrained from:

        a.    Using any reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

        b.    Engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or dilute the distinctive quality of the Rolex Registered Trademarks;

      c.   Using a false description or representation including words or other symbols tending to falsely describe or represent Defendants' unauthorized goods or services as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce; and

      d.   Using or continuing to use the Rolex Registered Trademarks or trade names in any variation thereof on the Internet (either in the text of a website, or as a keyword, search word, metatag, or any part of the description of the site) in connection with any goods or services not authorized by Rolex.

II.     That Defendants, within ten (10) days of judgment, take all steps necessary to remove from their Website, Instagram Page, Facebook Page, or any other website or social media site containing content posted by Defendants, whether or not owned or operated by Defendants, all text offering for sale counterfeit or infringing Rolex products and all Rolex Registered Trademarks or copies or colorable imitations thereof used to identify altered Rolex products.

III.    That Defendants, within thirty (30) days of judgment, file and serve upon Rolex a sworn statement setting forth in detail the manner and form in which they have complied with this injunction pursuant to 15 U.S.C. § 1116(a).

IV.    That Defendants be required to account to Rolex for all profits resulting from Defendants' sale of counterfeit or infringing Rolex products and that the award to Rolex be trebled as provided for under 15 U.S.C. § 1117; alternatively, that Rolex be awarded statutory damages under 15 U.S.C. § 1117(c) of up to $2,000,000 for each mark Defendants have counterfeited.

V.     That Rolex recover from Defendants the costs and disbursements of this action in addition to reasonable attorney and investigator fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

/ / /

VI.      That Defendants be required to deliver up for destruction to Rolex all material bearing the Rolex Registered Trademarks in association with unauthorized goods pursuant to 15 U.S.C. § 1118.

VII.      That this Court retain jurisdiction of this action for the purpose of enabling Rolex to apply to the Court at any time for such further orders and interpretation or enforcement of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

VIII.      That pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 777 for malicious, willful and fraudulent injury to Rolex.

IX.      That Rolex be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: <u>November 15, 2019</u>   By: <u>*/s/ Matthew S. Bellinger*</u>
Craig S. Summers
Matthew S. Bellinger
Kimberly A. Kennedy

GIBNEY ANTHONY & FLAHERTY, LLP
Brian W. Brokate
Beth M. Frenchman
Adam W. Sgro

Attorneys for Plaintiff
ROLEX WATCH U.S.A., INC.