**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., <br><br> Plaintiff, <br><br> vs. <br><br> REFERENCE WATCH LLC d/b/a LA CALIFORNIENNE; COURTNEY ORMOND; and LESZEK GARWACKI, <br><br> Defendants. | Case No. 19-cv-9796-RGK-(JPRx) <br><br> **[PROPOSED] STIPULATED JUDGMENT BY CONSENT AND PERMANENT INJUNCTION AS TO DEFENDANT REFERENCE WATCH, LLC D/B/A LA CALIFORNIENNE** |

Pursuant to the parties' Stipulation for Entry of Judgment and Permanent Injunction Pursuant to Settlement Agreement as to Defendant Reference Watch, LLC d/b/a La Californienne ("Defendant"),

**IT IS ORDERED, ADJUDGED AND DECREED, AS FOLLOWS:**

1. The Court has personal jurisdiction over each of the parties to this action. The Court also has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

2. Plaintiff, Rolex Watch U.S.A., Inc. ("Rolex") is a New York Corporation having a place of business at 665 Fifth Avenue, New York, New York 10022.

3. Defendant is a California limited liability company having a place of business at 5915 ½ Carlton Way, Los Angeles, CA 90028.

4. On November 15, 2019, Rolex filed this lawsuit against Defendant for Trademark Counterfeiting under 15 U.S.C. § 1114, Trademark Infringement under 15 U.S.C. § 1114, and False Designation of Origin, False Descriptions, and Unfair Competition under 15 U.S.C. § 1125. On January 15, 2019, Defendant filed its Answer to Rolex's Complaint.

5. Rolex is the exclusive distributor and warrantor of Rolex watches in the United States.

6. Rolex is the owner of the following trademarks registered in the U.S. Patent and Trademark Office (hereinafter collectively referred to as the "Rolex Registered Trademarks"):

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| **ROLEX** | 0,101,819 | 1/12/1915 | Watches, clocks, parts of watches and clocks, and their cases. |
| **OYSTER** | 0,239,383 | 3/6/1928 | Watches, movements, cases, dials, and other parts of watches. |
| **PRESIDENT** | 0,520,309 | 1/24/1950 | Wristbands and bracelets for watches made wholly or in part or |

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| | | | plated with precious metals, sold separately from watches. |
| ♛ (Crown Design) | 0,657,756 | 1/28/1958 | Timepieces of all kinds and parts thereof. |
| DATEJUST | 0,674,177 | 2/17/1959 | Timepieces and parts thereof. |
| GMT-MASTER | 0,683,249 | 8/11/1959 | Watches. |
| COSMOGRAPH | 0,733,081 | 6/19/1962 | Watches and chronometers. |
| SEA-DWELLER | 0,860,527 | 11/19/1968 | Watches, clocks and parts thereof. |
| MILGAUSS | 0,875,616 | 8/26/1969 | Watches [and clocks,] and parts thereof. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/1978 | Watches and parts thereof. |
| YACHT-MASTER | 1,749,374 | 1/26/1993 | Watches. |
| SUBMARINER | 1,782,604 | 7/20/1993 | Watches. |
| ROLEX DAYTONA | 1,960,768 | 3/5/1996 | Watches. |
| DAYTONA | 2,331,145 | 3/21/2000 | Watches. |
| EXPLORER II | 2,445,357 | 4/24/2001 | Watches. |
| EXPLORER | 2,518,894 | 12/18/2001 | Watches. |
| AIR-KING | 2,953,542 | 5/17/2005 | Watches and parts thereof. |
| GMT-MASTER II | 2,985,308 | 8/16/2005 | Watches and parts thereof. |

7.   The Rolex Registered Trademarks are in full force and effect and are incontestable pursuant to 15 U.S.C. § 1065.

8.   Defendant manufactures, offers for sale and sells altered Rolex watches that bear one or more of the Rolex Registered Trademarks.

9.   Defendant's altered Rolex watches include refinished dials (some with diamonds) from which one or more of the Rolex Registered Trademarks have been removed and reapplied. Specifically, during the dial refinishing process the CROWN DESIGN trademark emblem is removed from the dial, the dial surface is stripped of all paint and all printed Rolex Registered Trademarks (e.g. ROLEX, OYSTER PERPETUAL, and DATEJUST), new paint is reapplied to the dial

2

surface, the Rolex Registered Trademarks are reprinted on the dial, and the CROWN DESIGN trademark emblem (sometimes repainted) is reattached to the dial. On some of the watches, Defendant also paints its name "La Californienne" and/or other embellishments onto the dial. Hereafter any Rolex watches having (i) a refinished dial as described herein, (ii) non-genuine parts or components, (iii) new coatings, or (iv) any other modified parts or components from which any of the Rolex Registered Trademarks have been removed and reapplied, that have been stripped and repainted or refinished, or to which other words or embellishments have been applied, are referred to as "Altered Rolex Watches".

10. Defendant has operated, owned, and/or used online accounts to advertise, promote and offer for sale its Altered Rolex Watches, identified as follows: Website account: lacalifornienne.com; Instagram account: instagram.com/la_californienne; Facebook account: facebook.com/lacaliforniennewatchco ("Defendant's Websites").

11. Defendant is not now, nor has it ever been, associated, affiliated, or connected with, or endorsed or sanctioned by, Rolex.

**NOW, THEREFORE, IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:**

A. Final judgment is entered in favor of Rolex and against Defendant on Rolex's claims for: (i) Trademark Counterfeiting under 15 U.S.C. § 1114, (ii) Trademark Infringement under 15 U.S.C. § 1114, and (iii) False Designation of Origin, False Descriptions, and Unfair Competition under 15 U.S.C. § 1125.

B. Upon the entry of this Judgment, Defendant and its officers, agents, servants, employees, and those persons acting in concert or participation with Defendant shall be permanently enjoined from:

    i. Using any of the Rolex Registered Trademarks or any reproduction, counterfeit, copy or colorable imitation of the

|   |   |   |
|---|---|---|
| 1 | | Rolex Registered Trademarks to identify any goods or the |
| 2 | | rendering of any services not authorized by Rolex, including, |
| 3 | | but not limited to using the Rolex Registered Trademarks or any |
| 4 | | reproduction, counterfeit, copy or colorable imitations of the |
| 5 | | Rolex Registered Trademarks in connection with the |
| 6 | | advertisement, promotion, offering for sale, or sale of Altered |
| 7 | | Rolex Watches; |
| 8 | ii. | Engaging in any course of conduct likely to cause confusion, |
| 9 | | deception, or mistake, or dilute the distinctive quality of the |
| 10 | | Rolex Registered Trademarks; |
| 11 | iii. | Using a false description or representation including words or |
| 12 | | other symbols tending to falsely describe or represent |
| 13 | | Defendant's Altered Rolex Watches or its services as being |
| 14 | | those of Rolex or sponsored by or associated with Rolex and |
| 15 | | from offering such goods and services in commerce, including |
| 16 | | using Defendant's name or any other unauthorized marking in |
| 17 | | association with any watch bearing the Rolex Registered |
| 18 | | Trademarks; |
| 19 | iv. | Using or continuing to use the Rolex Registered Trademarks or |
| 20 | | trade names in any variation thereof on Defendant's Websites, |
| 21 | | the Internet (either in the text of a website, or as a keyword, |
| 22 | | search word, metatag, or any part of the description of the site) |
| 23 | | or in any promotion or advertising in connection with Altered |
| 24 | | Rolex Watches or any goods or services not authorized by |
| 25 | | Rolex; |
| 26 | v. | Providing any warranty services or otherwise repairing or |
| 27 | | servicing any watch previously sold by Defendant that would |
| 28 | | |

violate the terms of this injunction, including, but not limited to, performing any modifications or refinishing services as described in Paragraph 9 above (although Defendant may continue to provide warranty-related services, not precluded by the above); and

    vi.    Effecting any assignments or transfers, forming any new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein.

C.    Notwithstanding the foregoing, if asked, Defendant can advise that Defendant's Altered Rolex Watches were formerly vintage Rolex watches, now modified.

D.    That Defendant, within ten (10) days of the entry of this Judgment, shall take all steps necessary to remove from Defendant's Websites, or any other website containing content posted by Defendant, whether or not owned or operated by Defendant, all text offering for sale Altered Rolex Watches.

E.    The parties shall be subject to the jurisdiction of this Court in connection with any dispute relating to enforcing the terms of this Final Judgment and Permanent Injunction.

F.    Each party shall bear their own attorney's fees and costs.

**IT IS SO ORDERED.**

Dated:_____

R. GARY KLAUSNER
United States District Court Judge